## No. 779
### SAGINAW BAY CO. et v. THOMPSON et
#### No. 19309. Supreme Court

On motion to certify. Dock. Aug. 5, 1925; 3 Abs. 499.

**787. MORTGAGES—Do purchase money mortgages have priority over mechanics' liens, even though work has started before mortgage was recorded?**

In August 1923, James Thompson paid to Adam Grimm $200 to apply on the purchase of two lots. The price of each lot was $2700 and the $200 paid to apply on the purchase was advanced by Charlotte Mintz and O. L. Reiser and it was agreed that they furnish the balance of $5200. It was further agreed that Thompson was to execute two mortgages for $3200 each to Mintz and Reiser, which would include besides the purchase price of the lots, $500 as commission to the agent for making the loans and $500 for lumber to be used in erection of two houses.

Two mortgage construction loans for $9,000 each were obtained from the Home Savings & Loan Co. and the entire transaction was escrowed. The Escrow Co. was instructed by each of the mortgagees as to the time the mortgages were to be recorded. Reiser's mortgage was executed Sept. 4 and recorded Sept. 14, 1923 and Mintz's mortgage was executed August 13 and recorded Sept. 17, 1923.

The Saginaw Bay Co. et al, brought an action in the Cuyahoga Common Pleas seeking to foreclose the two parcels of land and claimed that they were prior to the mortgages of the Loan Co. and also to that of Mintz and Reiser. It was claimed that the plumber commenced work on one of the lots August 20, 1923 and on the other Aug. 30, 1923. It was alleged by the mortgagees that no work was commenced until a few days after the deeds and mortgages were recorded. The Common Pleas found in accordance with this contention. The Court of Appeals, however, found that the lienholders were prior to that of the mortgage holders, and that the lienholders were the first and best liens on the premises; that the Loan Co. had second lien on the premises; and that Mintz and Reiser each had a third lien on the lots.

The case is pending in the Supreme Court on motion to certify and it is contended that the mortgages to Mintz and Reiser are purchase money mortgages; that purchase money mortgages have priority over mechanics liens arising out of improvements on the property, commenced by the purchaser before he acquired title; that any work done before Sept. 17, 1923, (when deed was recorded) was done at risk of lien claimants and that they were trespassers upon the property.

It is claimed that no legal possession was ever given to Thompson until the deeds were recorded. To create a valid lien for material or labor, it is necessary that the person for whom they are furnished should be an owner within the meaning of the statute, and have a right at the time the contract for same is made to create a lien.

Mechanics' liens are subordinate to vendor's lien for unpaid purchase money, even though by arrangement between vendor and vendee, possession of the lot was given prior to recording of deed, and work was started prior to the recording of the deed. Golner v. Bede, 11 O. App. Rep. 137. It is claimed equitable principles prevailing in regard to a vendor's lien and purchase money mortgage have not been abrogated by the new mechanics' lien laws.

A mortgage on land, executed by the purchaser contemporaneously with the acquirement of the legal title thereto, and as part of the same transaction is a purchase money mortgage, and this is true without reference to whether the mortgage was executed to vender or to a third person. Neff v. Crumbaker, 40 OS. 85.

It is urged, "In determining whether a mortgage is entitled to priority as a purchase money mortgage, the test is not whether it is given to the vendor, but whether it is used as purchase money; and hence where a prospective purchaser of property obtains a loan from a third person to pay the purchase money, and a mortgage to secure such loan is executed as part of the transaction by which the purchaser received his deed, such purchaser has priority over mechanics' liens arising out of improvements on the property commenced by the purchaser before he acquired title."

To summarize - - - it is contended that possession was never given Thompson until the deeds to him were recorded (Sept. 17, 1923); that mortgages of Mintz and Reiser are purchase money mortgages, the proceeds of same having been used towards the purchase of the lots; that any work started prior to Sept. 17, 1923 by the mechanics' lien claimants, was done by them as trespassers, and did not give them any right to the premises; and that the mortgages of Mintz and Reiser are the first and best liens on the property.

Attorneys—Abraham Kollin for Mintz and Reiser; Griswold, Green, Palmer & Hadden, for Saginaw Bay Co. et; all of Cleveland.